have Judge Fisher live with us online. Are you there, Judge Fisher? I am with you. Okay, thanks. I understand we're having a little issue with the video, but if you can hear us by audio and we're being recorded, I think we're ready to go forward. Um, okay, then we'll call the case Ricketts versus Attorney General. Twice. Yeah. Good afternoon, Your Honor. And may it please the court Noah Weiss on behalf of petitioner Junior Ricketts. I'd like to reserve three minutes of my time for rebuttal. In this case, the B. I. A. Applied the departure bar regulation eight C. F. R. 1000 3.2 D. To hold that it lacked jurisdiction over Mr Ricketts is using motions to reopen and motion for reconsideration, right? We're we're well familiar with the background. It's been around for a very long time, 10 years now with us. I think 20 years since he was first put into immigration proceedings. Um, so let's get right into what to me is a particularly challenging thing. Even if we assume that you're right, and the B. I. A. was wrong in invoking the post departure bar is a jurisdictional matter. How can your client possibly win if we were to send this back? Given that the Second Circuit said affirmed the Eastern District of New York and saying he's not a citizen and the only basis on which he has said he's entitled to citizen. And now that's been decided against them after full litigation. How? What's what's the point of all this? Well, add to that that it would appear that one would be dispositive on the question of futility. So I think where we where we go with this. I mean, we're we got everybody in the room. We thought it was important to talk about this, but that that seems like a pretty big issue. So you want to tackle that first? Sure, Your Honor, I'd be happy to. So this goes, obviously, to the government's argument about remand futility. And to begin, I think it's important to note that remand futility is an exception to the usual Chenery rule that this court will not affirm an agency decision on the ground that was not found by the agency. Okay, and in this case exception, but why wouldn't this case fit that exception? It's a very rare exception, Your Honor, and it's so rare, especially in this immigration context, the government hasn't been able to cite a single case where this court has applied the BIA the remand futility exception in the BIA. Okay, why don't you do this? Because we do want an answer to the question. The dance is a good one. But here's the key. Why not give us a hypothetical of a situation where it goes back? And because of the ruling from the Second Circuit, it would not be futile. You'd have, in essence, another result. Sure, Your Honor, I think that I would answer that in two ways. Um, first, with respect to the particular arguments that Mr Ricketts could raise below, uh, I'll note that Mr Ricketts does have the asylum claims that he has raised in the BIA, and I am aware of the court's decision on Tuesday of this week, uh, Mr Ricketts still has the ability to seek rehearing, um, with the panel or on bunk review and then potentially, uh, cert with the Supreme Court. So those are not dead, um, as a matter of judicial economy. But those wouldn't be dead even on a remand. So that's not new, right? Well, it wouldn't necessarily be new, Your Honor. But if the court did remand, it would make sense both as a matter of judicial economy and as a matter of law for the BIA to be able to claims that Mr Ricketts has asserted in one single proceeding. The second thing I would say is that the nature of the error that the BIA made here, a jurisdictional error, is one that, um, goes to sort of the underlying fundamental nature of the BIA's proceedings and makes remand here, a remand futility exception here, um, particularly inappropriate. Why? Why is it inappropriate? Why? What's inappropriate about a recognition that there's no way that Mr Ricketts can win on the sole argument that he's presented? Because your asylum pitch is new. It's different. I mean, it's not the thing you've pursued all the way through. All the way through, the assertion about reopening, uh, has been and reconsideration has been, hey, um, he's a citizen. So if that's the sole argument and we re remanding on the basis of the sole argument and that sole argument is foreclosed, what's the what's the oddity in recognizing that he can't win on the sole argument he's pursued? Well, your honor, I would say that it goes again to the nature of how the BIA decided this case in deciding it as a jurisdictional matter, which I Mr Weiss, it doesn't that walks around the question. It doesn't meet it head on. The whole point of a futility exception is to say that this is pointless and whether it's pointless as a jurisdictional matter is pointless as a merits matter. It's pointless in some other way. Pointless is pointless. That's that's the that's the very nature of a futility exception. It acknowledges that while there may have been an error, it has no consequence or a reasonable on it. Make futility less futile because jurisdiction goes to sort of the very adjudicatory nature and the power of the BIA. We agree with you that and that's yours. So they go back and they say, okay, we were wrong. We've got adjudicatory power. It's still futile. It's still you still lose on the only issue that you've got or the only issue preserved. I acknowledge that the Second Circuit's decision in this case will make it a very difficult argument for my client below. Well, give us the circumstance in which you could be successful on that issue. That's that's what if you do that, then I'm going to sit up even more than I am now. Thank you, Your Honor. I would say this. If the court does send this case back and exercise its discretion to do that and follows the usual rule to do that, this court will give the BIA the benefit and to potentially use this case in order to revise its jurisdictional interpretation of that rule. And I think that the Supreme Court in recent years, as the Pruzzi versus Holder case in the Sixth Circuit talked about, has been very clear in talking about how agency decisions on jurisdictional rules and dividing between what is jurisdictional and what is not. So what circumstance is there possible for the BIA to review the citizenship determination of the Second Circuit? Because unless that can happen, then it's okay to admit that it's futile. I know it's painful, but unless you can give me something to respond to that, I mean a conversation, while Well, I'm not sure if it would have to be done, Your Honor. I would say this. The Second Circuit's decision certainly will weigh heavily on the BIA's decision, and I'm not saying that the BIA... How can the BIA look at citizenship? I don't think the BIA can look into citizenship, but there are potentially other issues and other arguments that Mr. Ricketts could raise. I've been appointed by the Court to represent Mr. Ricketts only with respect to these issues, and I'm not sure all the arguments that he might raise below, but I will acknowledge the Second Circuit's decision and the fact that that will resolve the citizenship claim. That being said, though, the jurisdictional nature of why the BIA ruled that it did is the kind of error that this Court, for example, in brief, where there is the ability to send the case back and the BIA might just go ahead and reapply the departure bar as a discretionary matter, which this Court acknowledged that it could do, the Court still followed the usual rule and sent it back. Let's pursue that Obali line of reasoning for a minute. First, you invoked the Sixth Circuit's Pruizzi case. Yes, Your Honor. In that case, the Court, if I'm correct, did question whether deference applies to disputes about the scope of an agency's jurisdiction, and so far as we can tell, the Supreme Court has yet to resolve that debate. So aren't you, when you say the Supreme Court's been clear about that, the very case you cited says the Supreme Court hasn't been clear about whether an agency has authority to make statements about its own jurisdiction. You're not going to weigh into a debate and take sides in a debate that's kind of unsettled? No, Your Honor. I would say this in response to that. So the Pruizzi v. Holder decision relied on Union Pacific, which stated clearly that an agency cannot contract its congressionally authorized jurisdiction. The question that you're referring to in Pruizzi on the Chevron question was whether, if there is some ambiguity in the statute, can the agency's interpretation of its own regulation... That's true. It's true that they can't contract their jurisdiction. You know, maybe if we were writing on a clean slate, we would say, hey, that's right. But in Desai, which Ovali was purportedly, I mean, I was on panels a little bit about the case, but we were saying, we were clarifying. Yes. I mean, we recognized we were bound by Desai. I mean, Desai is what binds us. And in Desai, we didn't say, oh, you can't contract your jurisdiction. We said you didn't air BIA in deciding to apply post-departure bar in the context of a sua sponte decision not to reopen. But I would say the jurisdictional nature of that was clarified and abrogated by the decision in Kaiser versus Wilkie earlier this year. And that's true. If that's true, why wouldn't we just dismiss? I mean, if Ovali says that, look, it can't be the case that this was decided on the basis of deference to the BIA's judgment about its own jurisdiction. It must be the case that the BIA can do this as a matter of discretion. And that's the right way to read Desai. If we thought that the non-presidential opinion of Ovali was the best reasoning here and something for us to follow, wouldn't we be saying, well, we read the BIA's decision to apply the post-departure bar as a matter of discretion. And if it's a matter of jurisdiction, we don't have jurisdiction. So your petition is dismissed. Because that's not what the BIA did in this case, Your Honor. I don't think that's disputed. If you look at the record at page 2 and page 66, the BIA was crystal clear in saying that we're denying the petitioner's motions for lack of jurisdiction using that exact phrasing. So it's not disputed in this case that the BIA applied the departure bar as a jurisdictional matter, not as a matter of discretion. I see my time has expired. Judge Fischer, anything you want to ask? I just want to ask, your argument seems to be that this cannot be a futility exception, but why isn't it really a cousin of the futility exception, harmless error? Because harmless error wouldn't apply in the administrative context. That would be the Chenery rule. Well, that's not what we said in a case which was decided in 2014, I believe, in Lee, immigration context. Well, Your Honor, I think it was a Lee case. So I would say in response to that, Your Honor, I would cite the court to the Plumy decision, where the court recognized the fact that it was able to recognize legal error and its normal procedure would be to remand. The Ovalley court, for example, did recognize the Lee decision and stated that the court's usual procedure, the court could not affirm on a basis that the agency did not rely on. So I would rest on those decisions, Plumy, Ovalley, and the Lee decision that Ovalley cites. Because you think Juan is not applicable or because you think that they essentially ruled around that? I mean, the problem with Juan for you, I would think, is it's fairly unequivocal, right, in its language. I'm quoting from the noted jurist, Judge Jordan, who- Sound principle. You know, when, you know, I mean, you've read this, so you know, you're right. We will view an error as harmless and not necessitating a remand to the BIA when it's highly probable that the error did not affect the outcome and this jurisdictional, it's a tough position. I totally get it. But it's hard for us to think about how the error gets around the determination regarding citizenship and that, you know, that's the difficulty. Yes, I mean, I would say, again, and rest on really the jurisdictional point going to sort of the underlying fundamental nature of the proceeding. And I just don't think it would be appropriate for the court, particularly given the fact that the court hasn't applied a remand futility exception in the immigration context before to make this the first case, particularly given where the Supreme Court has distinguished between jurisdictional errors and other kinds of errors and the fact that, you know, this case really goes to the underlying authority. Thank you, Your Honor. Okay. Thank you, Mr. Weiss. And lest I forget later, let me note the gratitude of the court for the service rendered on behalf of Mr. Ricketts on a pro bono basis. The court truly appreciates it. We'll have you back on rebuttal. Mr. Moss for the government. Your Honor, good morning. Good afternoon, Your Honor. May it please the court. Benjamin Mark Moss, counsel for the respondent. As you know, we are asking the court to deny this petition on futility. Let me just start with the court's own statement from the case from Tuesday in cases 17, 32, 98, and 18-1404. We take judicial notice, however, as we think we must, that the removal order is reinstated by an order dated April 22, 2005. And if a removal order, I'm skipping the citations, if a removal order has been reinstated, the agency lacks the authority to reopen, which is another reason that remand would be futile, right? Even if there weren't a problem with the citizenship, well, let's not go there, but let's just add, I think, that even if the court were to send this back to the board to consider the possibility of reopening, the removal bar, the reinstatement bar at 8 U.S.C. 1231-85 would still require the board to deny the motions to reopen, motion to reconsider their issue here. So there's just all sorts of futility. Yeah, well, let's answer this first. You know, the futility argument is a mighty strong one, it seems. But we're here in part, in large measure, because it looks like the BIA continues to treat the post-departure bar as if it were a jurisdictional bar. And that, despite statements from the Sixth Circuit and Peruzza, which pretty clearly say, you can't do that, indications from our own court and from others that they don't just have the to do accordion work on their own jurisdiction, expanding it when they like and contracting it when they like. Why shouldn't we do what we did in Ovale and say, whatever else happens once you've got it, this much is true. You've got jurisdiction and you have to do this in the first instance. You have to decide this in the first instance. You don't get to just say, hands off, no jurisdiction. A couple of points in that, Your Honor. First, because in Baga Masbad, the Supreme Court said that courts and agencies are not required to reach unnecessary issues. There's no reason for this court to wade into that, which is unnecessary for the result, which is inevitable. Second, to your point about the board continues to assert the departure bar is jurisdictional, it's helpful to remember that these board decisions are 10 years old before Desai, before Ovale. I suspect that if the board were to reach the issue under the current litigation and the current precedence, it would not come down necessarily the same way. So I just don't think it's useful for the court to give what is essentially dicta on an issue that is not live that cannot possibly change the outcome because the Second Circuit's decision... They say it could change the outcome. I mean, answer Mr. Weiss's assertion that if this thing goes back, it's not inconceivable that they could reopen and consider asylum. Are you saying that the existence of the reinstated order as a regulatory matter makes that an impossibility? I am saying that, Your Honor. It is in fact inconceivable that he could raise asylum in this setting because you would have to file a motion to reopen claiming asylum and the departure, I'm sorry, the reinstatement bar 1231A5 says he can't do that. So there just is nowhere to go and it is, as Your Honor pointed out to my friend, the only issue that he preserved before the board that is now before the court for decision is citizenship. The court has already disposed of his related protection PFRs just two days ago. There really is nothing else left but issue precluded. There's just nothing else for this court to do to tell the agency to consider. Because there's nothing left, the court should just deny the PFR and embrace the futility remand exception, which I think seven or eight other circuits have published on. This court has acknowledged in various other settings and in unpublished immigration cases this might be a opportunity to note that exception here. The futility exception. Yes, Your Honor. Yeah. Can you talk to me for a minute about the Marin Rodriguez case from the Seventh Circuit? That case is one where the court was taken up whether the BIA could dismiss for lack of jurisdiction of the post-departure bar and said neither the board nor the regulation describes the dismiss on departure rule as a categorical exercise of discretion. Given Chenery, we must confine attention to the board's stated rationale, lack of jurisdiction. If we thought we could or wanted to get into this, in light of that kind of reasoning, could we even look at the Ovali kind of opening and treat this as discretionary? Or are we bound by the BIA's pretty clear words that they said this is jurisdictional? You understand what I'm asking? I do, Your Honor. And I hope Your Honor will agree that I try to and I have to admit that in this case the board did rule on jurisdiction. So I don't think it would be a faithful reading of the board's rulings to say discretionary. Now, if you sent it back for the board to consider it on discretion, I think we all know what the board is likely to do in that situation. Just look at his criminal history, which is quite extensive, and the fact that Mr. Ricketts stole the identity of United States citizen Paul Milton Miles. It just doesn't seem like Mr. Ricketts has any chance of success at all. And that's why the remand futility exception exists. And for that reason, we ask the court to deny the PFR. Okay. Questions? Judge Fischer, any questions for Mr. Moss? I have no questions. Okay. Thank you, sir. Appreciate your time. Mr. Weiss, we'll hear your rebuttal. So I want to start with the question that you asked Judge Jordan about if we wanted to get into it, couldn't we? And the answer is yes. The remand futility exception is a discretionary one, and I would say there are good reasons why the court should get into it in this case. As Mr. Moss noted, Mr. Ricketts waited a very long time to get the judicial determination of citizenship that he was entitled to in this case under the Fifth Amendment and under congressional statutes. This is a case where the court can reach those issues, and we think it should to show that the constitutional right at stake here is one that is worth protecting. In this case... Now the constitutional right you're talking about is what? The constitutional right to have the BIA exercise its jurisdiction when it's got it? What are you talking about? I'm talking about the constitutional right for an individual to get a judicial determination of citizenship. Which has happened. It has happened, but it took over 15 years for it to happen. Sure. How does sending this back to the BIA vindicate that right, which has already been vindicated? Well, because it demonstrates that the BIA cannot use the departure bar as a way to insulate itself and the government from being able to be incentivized to deport individuals who have legitimate rights to raise those kinds of claims. I mean, the facts of this case are instructive in that instance. The BIA ruled that he was removable, and 25 days later, despite the fact that he had a petition for review pending before the court, he was removed. And it took him between then in 2000 and in 2015 when the government conceded that he had a judicial right to determination of citizenship and conceded that a material issue of fact was a material issue of fact, meaning substantially aided by the Jamaican authorities' assertion that he was an American citizen. But you did have, without getting too far into the merits, you had an immigration judge and later a federal district court judge on judicial review look at this evidence and say, no, absolutely not. You are not an American citizen. You're scratched over name on a birth certificate and handwritten note over the top of it does not prove you're a citizen of the United States. So I take your point, but it didn't seem like it was that powerful a merits case to start with, but be that as it may, can you answer the government's assertion that even if this went back, there isn't anything that could be done for your client? And you may be cut short on it because of this other regulatory bar that exists as cited by the government. And recognizing that you may be hearing that for the first time here, we'll press you for an answer. But if you've got one, I'd be interested to hear your answer to that. I would just say that the court still retains jurisdiction to hear the case given the issue at stake. So that doesn't affect the court's ability to reach the issues here, which we would urge the court to do. Okay. Once again, many thanks to you and to your firm, Mr. Weiss, sincere appreciation. And thank you to you, Mr. Moss, speaking on behalf of the government. We've got the case under advisement and judge Fisher, we'll call you back if that's so we can conference. Absolutely. Okay. We'll recess court. Please rise. Court stands adjourned until Wednesday, February 19th at 9.30am. Thank you.